23-1030 Melissa Ng v. Tufts University Your Honor, as you correctly point out, at this first meeting in January of 2019, Dr. Ng and Dr. Zandona meet in December of 2018, and the meeting that took place in January of 2019 where this alleged statement is made, Dr. Zandona does know very little about Dr. Ng, but she does know one thing, and that is that this meeting is about Dr. Ng asking for more detail as to why the Faculty Promotions Committee has unanimously rejected her application for promotion to full professor. And so, as your colloquy with Mr. Notice noted, Dr. Zandona is a brand-new department chair and knows that a Faculty Promotions Committee that has seriously and carefully considered that application has unanimously rejected it. Of course she's not going to commit to writing a letter of recommendation right off the bat. She needs to get to know Dr. Ng, look at her application, see where the educational leadership credentials can be burnished. And I'll get to some of the detail of that context in a moment, but I first want to talk about the two unabandoned claims here. This case started off as a much larger set of allegations, and it's down to two unabandoned claims. One is for gender discrimination with respect to the Faculty Promotions Committee's decision in April of 2018 to reject Dr. Ng's application for promotion. And Dr. Ng has proffered no evidence whatsoever as to gender discrimination as to that claim. When asked at her deposition to describe whether she had suffered any gender discrimination, she gave a speech of merely conclusory allegations and speculation. In her own words, she said, and this is at Joint Appendix 128, it's like there's gender discrimination everywhere in academics. We know that. It's written up everywhere. We know there are written articles everywhere about gender bias. We just know it. It exists. That is not nearly the kinds of specific facts that she needs to come forward with in connection with summary judgment on that claim. And Judge Montecalvo, as you correctly noted, there's no evidence in the record that anyone on that Promotions Committee knew anything about Dr. Ng's complaint in June, March, May, June of 2017 regarding sexual harassment by another faculty member. Absolutely no connection at all between those two. So the decision is made in April of 2018 by a vote of five against, one table, one abstain, to reject Dr. Ng's application for promotion. The notion of any of these procedural irregularities, Mr. Notice talked about the letters getting progressively more negative, the time it took to inform Dr. Ng of her, the fact that she wasn't going to be promoted, all irrelevant. The decision was made by the Faculty Promotions Committee in April of 2018. How it was communicated, the strength of the letter, the stridency of it, has no bearing whatsoever on anything to do with gender discrimination. And that claim simply cannot stand. As to the other unabandoned claim, that Dr. Zandona somehow retaliated against Dr. Ng, Dr. Ng similarly fails to meet her burden on this claim. There is no evidence in this record of any genuine issue of material fact that Dr. Zandona retaliated against Dr. Ng because when they first met in 2018, Dr. Ng informed Dr. Zandona that Dr. Ng had been the victim of sexual harassment more than a year earlier by a former faculty member who Dr. Zandona didn't know, had never met, and was gone from the school by the time Dr. Zandona arrived. It's important that the context for the alleged statement, and there's a lot of reason to discredit that the statement by Dr. Zandona was made. Judge Kayada, as you pointed out, there's a contemporaneous email that talks about how, in Dr. Ng's own words, Dr. Zandona may not write a letter of recommendation for her. Nothing about this statement appeared in the MCAD complaint. It appears for the first time in the complaint in this case. But even if one accepts that the statement was made, it doesn't come anywhere close to raising a genuine issue of material fact as to retaliation. One must look at the context, as the district court did, not once but twice. The district court, on a motion to alter the judgment, noted that it had considered all the facts, including the fact that Dr. Ng asserted that the district court didn't conclude about this statement allegedly made by Dr. Zandona in January of 2019, and considered it in context. And what is the context? The context is Dr. Ng and Dr. Zandona meet in December of 2018. There's a meeting involving the dean, Dr. Zandona, Dr. Ng, and others, in which Dr. Ng wants more information about why she was rejected, wants it in writing, wants detail. And then the important context is, what does Dr. Zandona do between January of 2019 and October, November, December 2019? And the record is clear on this. Dr. Zandona works with Dr. Ng to help her on her application, makes specific suggestions to Dr. Ng as to ways in which she can burnish her educational leadership credentials. And even when she decides that she's not ready yet, and yet is an important word, to recommend Dr. Ng for promotion in the 2019 promotion cycle, she tells her in writing in December of 2019 that while she's not ready yet, she remains committed to supporting her, committed to helping work together with her to achieve her promotion to full professor. The record is very clear about this, and this over-focus, hyper-focus on this one alleged statement made by Dr. Ng really misapprehends the way that this court looks at summary judgment and retaliation cases. Trying to pick apart one particular fact out of context is not the way that this court looks at it. The focus is on whether there's a genuine issue of material fact as to retaliation, a genuine issue of material fact as to pretext, and there's none of that. And the reason we know that is we look at what Dr. Zandona did between January 2019 and December 2019. The record shows that Dr. Zandona met with Dr. Ng in March of 2019 to go over her application. The record shows that, again, in April 2019, Dr. Zandona provided specific feedback to Dr. Ng in writing, including, and I quote, on a specific area to become more nationally and internationally recognized around a topic. The record shows that the two met again in May of 2019, and again in May 2019, Dr. Zandona provided specific comments as to ways in which Dr. Ng could improve her educational leadership credentials and, therefore, be more likely to be promoted. The record shows that the two met again in July and August of 2019 so that Dr. Zandona could assist Dr. Ng with her promotion application, and again in October 2019. I think we're familiar. We've read the brief, the statement of facts in the brief. One of the things that's important as well is the timing. Dr. Ng suggests that a statement was made in January of 2019 but concedes in her complaint, which is in Joint Appendix 11 and 22, that Dr. Ng did not know for certain until October 2019 that Dr. Zandona would not agree at that time yet to recommend her for promotion. That span of time, 10 months, where Dr. Zandona was working closely with Dr. Ng, is far too long to infer any kind of temporal proximity between the statement made by Dr. Ng to Dr. Zandona in December of 2018 about her previous experience with sexual harassment, and it also highlights a point made correctly by the district court. There's no connection between the statement made by Dr. Ng to Dr. Zandona about her previous experience at the school with sexual harassment and anything Dr. Zandona did. In fact, the record is clear that Dr. Zandona only worked with Dr. Ng in an effort to help her achieve her promotion, and putting in writing in December 2019 that she remained committed to do that is a critical and important and unrebutted fact. Dr. Ng has marshaled no evidence to meet her obligation to show pretext at this stage, nothing that would show that Dr. Zandona's reasons for being unwilling in October of 2019 to recommend her for promotion at that time, which were the same reasons that the Promotions Committee declined to promote Dr. Ng in April of 2018, were a pretext, were a sham, were some kind of a sham to disguise retaliation. In sum, Your Honors, the lack of evidence, the complete lack of evidence at this point on gender discrimination and the understanding of the evidence in context regarding the alleged retaliation mean that Dr. Ng has failed to meet her burden at this stage, and Tufts respectfully requests that the panel affirm the district court in full. And I see that I'm out of time, unless the panel has any other questions. Just one quick question, same question I asked opposing counsel. What's your view on the opposing statement of material facts filed by Ms. Ng? Does it comply with local rule 56.1? Your Honor, it may not have complied in that it goes beyond a denial and then framing the denial with record evidence, but based on what Dr. Ng has admitted as to the genuine material facts, there are no genuine issues of material fact on this record, and some re-judgment should enter. And that would be independent of those that are objected? They're sufficient aside from those? Absolutely. Okay, thank you. Thank you, Your Honor. Attorney Notice, please introduce yourself for the record. Thank you, Mitchell. I wasn't waiting for the clock to reset, sorry. Mitchell Notice, representing Appellant Melissa Ng for my two minutes of rebuttal. What I would like to do is point the Court to two decisions, again, of Judge Stearns. In his final decision granting summary judgment, which can be found at page 490 of the joint appendix or page A7 of the decision when it's enclosed in our brief, he states, Judge Stearns quotes this statement at issue as the following, he says, Dr. Zandone had told Dr. Ng that should she reapply, I most likely am not going to promote you. Not that maybe I will, maybe I won't, I'm not sure yet. I most likely am not going to promote you. Additionally, as to the timing here and what we feel is the temporal connection, the temporal connection is between the statement in December 18 that I opposed sexual harassment, I had filed something, and the January 9th statement, I most likely am not going to promote you. The difficulty here is motive. If Zandone had learned on December 18 that Dr. Ng had filed a complaint against Zandone, then we might look at that comment differently because there'd be some obvious motive. It's hard to see a motive here, though. Zandone shows up in December, has got a new person, knows who wasn't designed. Why would she care whether, why would she want to treat badly someone who had filed a claim against some other person who was no longer at the university that the university had treated reasonably? Your Honor, we don't know the answer to that, but once again, she knew nothing else, so her decision has to be based on that. Well, she knew your client was turned down. That's a pretty big deal for a department head. But she wasn't familiar with her qualifications. She wasn't familiar with that process other than the fact of turning down. So the only concrete thing she really knew was this having filed the charge. If there are no further questions, I thank the Court for your time. Thank you. That concludes arguments in this case. All rise. This session of the Honorable United States Court of Appeals is now recessed until tomorrow morning. God save the United States of America and this Honorable Court.